## ELIZA CADMUS v. ALFRED BARNEY.

Where goods distrained for rent are left on the demised premises, in the possession of the tenant, and there impounded, in an action for pound breach and treble damages, (*Rev.*, *p.* 310, § 10,) against a person claiming to be the owner, it is necessary to prove that he had notice of the impounding.

On *certiorari* to the Court of Common Pleas of Passaic county.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff, *H. K. Coddington.*

For the defendant, *T. M. Moore.*

The opinion of the court was delivered by

SCUDDER, J. The plaintiff, Eliza Cadmus, distrained the goods and chattels of William Hudson and others, her tenants, for $250, six months' rent in arrears,·July 3d, 1876.

Among the articles distrained upon was a cow, which had been sold, about a month previous, to Hudson, by Alfred Barney, the defendant, for which a promissory note had been given. The warrant for distress, and the notice to Hudson and others, the tenants, were in usual form. The goods distrained were left on the demised premises, and are said to have been there impounded. The evidence sent up on the rule to certify the facts proved, is quite meagre, and does not show that any one was left in charge of the goods distrained, but it may be inferred that the tenants were entrusted with the care of these goods, for the landlord. Such act may constitute a good impounding, under our statute concerning distresses, (*Rev.*, *p.* 310, § 9,) by which a distress may be impounded in such place, or on such part of the premises as shall be most convenient for the purpose. This act, copied from 11 *Geo. II.*, *c. XIX.*, § 10, has been construed in *Thomas* v. *Harries*, 1 *M. & G.* 695, and such impounding held to be good against the tenant, who had notice.

July 8th, 1879, the defendant, Barney, sent a person to the tenants, Hudsons, with an order for the delivery of his cow. He says he did so because Hudson could not pay for her, and further says: " I did not know she had been distrained; he, Hudson. said Mrs. Cadmus had seized his goods for rent, and

I had better take my cow away. Two or three days after, I sent an order for the cow, and got her."

John Caldwell, who acted as bailiff for Mrs. Cadmus, in making the distress, says that when he distrained the cow for rent, Hudsons, the tenants, said the cow was Barney's; that he had bought and given a note for her, and that after the cow had been taken away, he left a demand for her, with Barney's wife, and she offered the cow back.

On these facts, the plaintiff brought her action upon the case, against Barney, for a pound breach and treble damages, under Section 10 of the statute, (*Rev.*, *p.* 310,) and costs of suit.

By Section 8 of the statute, the goods and chattels of any other person than the tenant, cannot be taken and seized as a distress, for arrears of rent; but if the goods be once impounded, even though they have been taken without cause, the owner may not break the pound to get them out, for they are in the custody of the law. *Co. Lit.* 47; *Arch. Land. and Ten.* \*138; *Taylor's Land. and Ten.*, § 606.

The question in this case, therefore, is not whether the defendant had the right to break the pound and take away his cow, because he was the rightful owner, and the landlord had no right to distrain her for rent due from his tenant, but whether the plaintiff has shown facts which entitle her to maintain her penal action for treble damages and costs, for a pound breach, under the statute. The proof has failed, in an essential point, to sustain the action, for it does not show that the defendant, Barney, knew, when the cow was taken, that she was impounded. The tenant, who was left by the landlord in possession of the goods, after distraint, told him that *his* goods had been distrained, but not that Barney's cow had been taken, and that he had better come and get his cow. If the cow had been put in a public, or common pound, there would have been notice on that fact, of the impounding, but where the goods taken in distress are left on the premises, and in the possession of the tenant, without change, there should be some evidence to show that the owner, when he took the

property claimed by him, knew of the impounding. This strictness of proof is required because the action is penal in its character.

The hardness of this action is shown by the fact that although, after the alleged breach, the defendant offered to give up the cow on demand, waiving his right, to avoid litigation, yet the plaintiff proceeded with what she supposed was her technical right of action for treble damages.

The Court of Common Pleas directed, under these facts, that the jury should render their verdict for the defendant, as we understand the case, because of the failure of proof, and were right in so doing.

The judgment for the defendant will be affirmed, with costs.